DISSENTING OPINION
An elderly couple has been murdered by a band of teenage robbers. That fact has been proven beyond a reasonable doubt. This tragedy is made no better by the conviction of the teenagers for the crime of murder. For once a life is lost, it is lost forever, and nothing the justice system does can change that immutable fact. As a society we are left with the question, however, of what to do with the teenagers.
Since the founding of the Republic our society has been based upon the premise that criminals shall be punished in the hope that others will be deterred from following a life of crime. In this matter, a jury has imposed, and the majority has approved, the death penalty. I must dissent from the majority's well-reasoned opinion, however, for the following reasons.
R.C. 2929.04(B) imposes upon this Court the responsibility for conducting an independent review of the whole record. We must pay particular attention to the weighing which must be done of the aggravating circumstances versus the mitigating factors which surround the crime. It is readily apparent that this court is not merely deferring to the wisdom of the jurors in this exercise. Rather, by statute, the Judges of the Court of Appeals sit as the 13th juror in a death penalty case. Without our concurrence, no imposition of the death penalty is permissible.
In fulfilling my duties as a 13th juror, I simply am not persuaded that the tragedy of this case rises to such a high level as to require the imposition of the death penalty. Simply stated, it is clear that the facts equally support the conclusion that we are faced with teenage robbers who clearly got in over their head. Tyrone Lee Noling was barely past his eighteenth birthday when he made all the wrong decisions, which led to the tragic death of Mr. and Mrs. Hartig. It was a robbery by a group of misguided youths that went astray and led to two deaths.
I believe that when the aggravating circumstances are weighed against the mitigating factors the appropriate sentence is life in prison without eligibility for parole. Two people are dead as a result of a robbery gone wrong. Society's protection is not dependent upon a third death.
 ________________________________ JUDGE WILLIAM M. O'NEILL